THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JAIME DE JESÚS ROSADO, Defendant and Appellant.

No. CR-71-90.     Decided March 23, 1972.

*Rosa Nilda Ponce Cancel* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Ruth Tentori Lebrón Velázquez, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant was accused of *possessing, carrying, and transporting illegally, voluntarily, maliciously, and criminally a safety razor known as "Gem" on the occasion of using it not as an instrument proper of art, sport, profession, occupation or trade.* He was also accused of robbery. The oral evidence established that he wounded a person on the arm with the said razor, fact admitted by appellant on cross-examination; that appellant, along with others, subdued the injured person and by force pulled out his billfold with fifty dollars.

The jury found him guilty of the violation of § 4 of the Weapons Law. It retired to deliberate with respect to the other offense charged. At that instant the defense raised the question of law that "the information of § 4 of the Weapons Law does not charge an offense." The contention having been left pending, the jury returned and rendered a verdict of guilty of the offense of aggravated assault and battery under aggravating circumstances.

As to the previous contention that the information does not charge an offense, the trial judge considered it untimely and also considered that "all defects in the allegation of the information were cured by the evidence." He punished appellant to serve one year in jail for the misdemeanor of violation of the Weapons Law, and to two years in jail for the offense of aggravated assault and battery which is a misdemeanor.

■ 1.—Appellant assigns that the trial court erred in punishing him for violation of the Weapons Law inasmuch as the corresponding information does not charge offense.

In *People* v. *Díaz Breijo*, 97 P.R.R. 62 (1969), we made clear that it is an unavoidable requirement of the due process of law for the information to state the facts of the offense charged against defendant. The evidence does not cure the absence of the essential elements of the offense in the information. See, *People* v. *Trinidad Fernández*, 93 P.R.R. 877 (1967); *People* v. *Vélez Rivera*, 93 P.R.R. 633 (1966); *People* v. *Fagot*, 92 P.R.R. 219 (1965).

In *Rodríguez Muñoz* v. *Superior Court*, 95 P.R.R. 348 (1967), we said that when the information or complaint has a substantial defect, under the Rule 38(b) of the Rules of Criminal Procedure, the court may permit at any time before the verdict of guilty or not guilty the necessary amendments to cure it. The case at bar is of a different nature. Besides, the prosecuting attorney did not request at any time the amendment to the information.

■ Section 4 of the Weapons Law (25 L.P.R.A. § 414) defines the offense dealt with in this case as follows: "Any person who possesses, bears or carries . . . *including also safety razor blades and bludgeons when drawn, exhibited or used in the commission of a public offense or in the attempt of such commission,* . . . shall be guilty of a misdemeanor. . . ." (Italics ours.)

As to bearing or carrying a safety razor the offense consists in drawing, exhibiting or using it in the commission of a public offense or in attempting to commit it. In the information it was merely stated that appellant used the razor *not as an instrument proper of an art, sport, profession, occupation or trade. No public offense in which he withdrew, exhibited or used it was alleged or described.* It is evident, then, that the information in this case does not charge any offense whatsoever.

Therefore, the judgment appealed from must be reversed and in lieu thereof another one rendered ordering the dismis-

538

sal of the information of the offense of violation of § 4 of the Weapons Law.

■ 2.—Appellant assigns that the punishment imposed for the offense of aggravated assault and battery should be reduced pursuant to the provisions of Act No. 8 of July 7, 1971. He is right. To those effects the case should be remanded to the trial court for modification of that punishment in accordance with the provisions of the aforesaid Act.

Mr. Chief Justice Negrón Fernández did not participate in this decision.